The Honorable Tom Baker State Representative Route 1, Box 80 Alicia, AR 72410
Dear Representative Baker:
You have requested an official opinion concerning workers' compensation coverage for municipal firefighters when they fight fires outside the boundaries of their municipality.
You cite to relevant Arkansas Code provisions regarding this subject: namely, A.C.A. 14-26-101, 14-60-101, 14-28-101, and20-22-801.
Section 14-26-101 (Act 866 of 1985) requires counties to provide workers' compensation coverage for their officials, employees, and municipal volunteer firefighters while performing work for the county.
Section 14-60-101 (Act 866 of 1985) requires municipalities to provide workers' compensation coverage for their officials, employees, and volunteer firefighters while those persons are performing work for the municipality.
Sections 14-28-101 et seq. provide that county governments are authorized to provide workers' compensation coverage to volunteer public safety workers while those workers are actually engaged in performing volunteer public safety duties. This Act, (Act 527 of 1987), defines a volunteer public safety worker as an "active volunteer member of a volunteer public safety organization" which can include a rural volunteer fire department formed as a subordinate service district of the county or as an improvement district or a subscription fire service department formed as a non-profit organization under the laws of this State.
Finally, 20-22-801 (Act 837 of 1987) creates an Arkansas Fire Protection Services Board and as to workers' compensation coverage, states:
 (a) For the purpose of workers' compensation coverage in cases of injury to or death of an individual, volunteer firefighters of certified fire departments other than municipal fire departments, who meet the requirements of this section shall be deemed county employees and shall receive minimum compensation. Their survivors shall receive death benefits in the same manner as regular county employees for injury or death arising out of and in the course of their activities as firefighters. [Emphasis added.]
A.C.A. 20-22-809. This section further provides that volunteer firefighters requesting this coverage have to annually file with the county clerk evidence that they have met the minimal standards recommended by the Fire Protection Services Board and that they are a member of a certified fire department other than a municipal fire department.
With these statutory provisions in mind, you ask the following specific questions:
 1. Is a volunteer firefighter of a municipal fire department covered by workers' compensation when fighting a fire outside the boundaries of the municipality? If so, who is responsible for providing the coverage?
First, this Office has previously opined that Acts 527 and 837 of 1987 should be read together, giving effect to both. See Opinion No. 87-163 attached.
To avoid confusion, further references in this opinion are to Act numbers.
Act 866 of 1985 mandates workers' compensation coverage for volunteer firefighters of municipal fire departments when those firefighters incur losses while performing work for the municipality. If a municipal fire department is further certified (as provided for in Act 837 of 1987), it is given express authority to protect life and property while fighting fires. Such authority is not restricted to services provided within a municipality's boundaries.
I assume from the wording of your question that the municipal fire department in question is one established pursuant to A.C.A.14-53-101. Opinion No. 87-359 (attached hereto) states that while such a fire department is not required to do so under this statutory scheme, the city may, by ordinance, authorize the department to go outside the city's incorporated limits in fighting fires.
It is my opinion, therefore, that a municipality must provide workers' compensation coverage to municipal volunteer firefighters if they are acting at the direction of the department in fighting a fire outside municipality boundaries and the municipality has the authority itself to fight fires outside of its boundaries, through Act 837 of 1987 or by its own ordinance.
It should also be noted that coverage would be provided by the county in the event the work was performed for the county. See A.C.A. 14-26-101. This will, however, involve a factual question to be addressed on a case by case basis.
2. Is a firefighter of a municipal fire department covered by workers' compensation when fighting a fire outside the boundaries of that municipality? If so, who is responsible for providing the coverage?
Under the circumstances outlined in response to Question #1, i.e., where the city fire department is certified under Act 837 or where the city has enacted an ordinance enabling it to fight fires outside its boundaries, municipal firefighters who are employees are covered by workers' compensation required to be provided by the municipality.
3. Are municipal firefighters covered by workers' compensation coverage when providing other services, such as rescue services, outside the boundaries of the municipality?
A certified Act 837 municipal fire department and its firefighters have the authority to do all acts reasonably necessary to extinguish fires and to protect life and property from fire. (This Act addresses workers' compensation for firefighters other than those in municipal departments, deeming those persons county personnel. Presumably, this "municipal" exception to coverage is set out because clearly municipal firefighters are already covered by a city plan). Reading all of these statutes in pari materia leads me to the conclusion that municipal firefighters are covered by the city compensation plan for rescue services if the city department is certified and in the course of fighting a fire on behalf of the department, rescue services are provided which are necessary to protect life and property from fire.
As a matter of discretion, a county quorum court may provide coverage to volunteer public safety workers organization, which may be a "rescue squad" formed pursuant to state laws. Act 527 of 1987.
Other than these cited provisions, no specific authority exists for provision of coverage to municipal firefighters when performing rescue services. It can be reasonably argued that in accordance with recent statutes evidencing legislative intent to comprehensively provide workers' compensation coverage to firefighters, workers' compensation coverage is intended to extend to the performance of rescue services provided at the scene of a fire for even non-certified departments. Nonetheless, the statutes do not mandate such coverage be provided by non-certified fire departments.
The foregoing opinion, which I hereby approve, was prepared by Solicitor General R.B. Friedlander.